IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOMMY R. GESKE, JR.,** | § | |
| **AND MELISSA L. GESKE,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3337-L** |
| | § | |
| **WELLS FARGO BANK, NATIONAL** | § | |
| **ASSOCIATION, as Trustee for the** | § | |
| **Certificateholders of Park Place Securities,** | § | |
| **Inc. Asset-Backed Pass-Through** | § | |
| **Certificates Series 2005-WCW3,** | § | |
| **Through its Mortgage Servicer,** | § | |
| **Bank of America, N.A.,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **RECONSTRUCT COMPANY, N.A.,** | § | |
| **as Substitute Trustee**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand, filed January 3, 2012; and Defendants' Rule 12(b)(6) Motion to Dismiss, filed December 29, 2011. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **denies** Plaintiffs' Motion to Remand, **grants** Defendants' Rule 12(b)(6) Motion to Dismiss, and **dismisses** this action **with prejudice.**

**I.   Factual and Procedural Background**

Plaintiffs Tommy R. Geske ("Geske") and Melissa L. Geske (collectively, the "Geskes") brought this lawsuit against Defendants Wells Fargo Bank, Nation Association ("Wells Fargo") and Reconstruct Company, N.A. (collectively, "Defendants") for failure to modify their homestead

**Memorandum Opinion and Order   Page 1**

mortgage under the Home Affordable Modification Program ("HAMP"). The Geskes seek specific performance of the HAMP Agreement, reinstatement of their homestead loan, and a permanent injunction to prevent Defendants from foreclosing on their real property located in Waxahachie, Texas. The action was originally filed on October 31, 2011, in the 40th Judicial District Court of Ellis County, Texas. On December 2, 2011, before Plaintiff effected service, Defendant Wells Fargo, National Association ("Wells Fargo") removed the action to federal court based on diversity jurisdiction.

Plaintiffs entered a purchase money mortgage ("Loan") in 2001. The Loan was subsequently assigned to Wells Fargo and administered by mortgage servicer Bank of America, N.A. ("BOA"). After suffering a loss in income because of the downturn in the economy, Geske approached BOA about a permanent home mortgage loan modification under HAMP, which was enacted in 2009 to reduce foreclosures. In the first step of the HAMP process, Geske signed a Trial Period Plan ("TPP")[1] in which he agreed, among other things, to make three monthly payments of $3,255 by the first of September, October, and November 2009, and to provide documents regarding the Geskes's finances. Under the TPP, BOA would suspend any pending foreclosure sale pending the Geskes satisfying certain conditions during the TPP "Trial Period" and BOA's tender of an executed Modification Agreement (the second part of the process) prior to the TPP's expiration ("Modification Effective") date.

The Geskes contend that they made the scheduled payments pursuant to the TPP under HAMP, but BOA nevertheless notified them in July 2011 of its intent to commence foreclosure on

---

[1] The TPP was not signed by Melissa L. Geske and lists only Tommy R. Geske as the borrower, even though Plaintiffs's pleadings suggest that both of the Geskes own the real property at issue.

**Memorandum Opinion and Order    Page 2**

November 2, 2011. On October 31, 2011, the state court entered a temporary restraining order and, on November 10, 2011, extended the restraining order until November 22, 2011, at which time a hearing was scheduled on the matter. It is not clear from the record before the court whether that hearing took place before the case was removed to this court by Wells Fargo.

## II.     Applicable Legal Standards

### A.     Legal Standard for Removal and Diversity Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be

established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980) (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

### B. Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

When "the interpretation of a contract is at issue, a court is 'not constrained to accept the allegations of the complaint in respect of the construction of the Agreement,' although all contractual ambiguities must be resolved in the plaintiff's favor." *Banks v. Correctional Servs. Corp.*, 475 F. Supp. 2d 189, 195 (E.D.N.Y. 2007) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Because contract construction is generally decided as a matter of law, interpretation of a contract is generally suitable for disposition on a motion to dismiss for failure to state a claim upon which relief can be granted. *Reinhardt v. Wal-Mart Stores, Inc.*, 547 F. Supp. 2d 346, 353 (S.D.N.Y. 2008) (quoting *Revson v. Cinque & Cinque*, 221 F.3d 59, 66 (2d Cir. 2000),

and *OBG Tech. Servs. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 514 (D. Conn. 2007)).

### III.   Analysis

The court addresses first Plaintiffs' Motion to Remand.

### A.   Plaintiffs' Motion to Remand

Plaintiffs contend that Defendants failed to satisfy the procedural requirements for removal. In particular, Plaintiffs contend that although the Notice or Removal states that consent of all Defendants was obtained, Wells Fargo could not have obtained the consent of co-defendant Reconstruct Company prior to removal because it is not in good standing in Texas as a result of its failure to satisfy franchise tax requirements. According to Plaintiffs, because Reconstruct Company is not in good standing with the Texas Comptroller, it cannot sue or defend in an action in Texas. Additionally, Plaintiffs assert that Wells Fargo failed to attach to its Notice of Removal a copy of all the process, pleadings, and orders on file in the state court action. Plaintiffs further argue that complete diversity is lacking because Reconstruct is a citizen of Texas based on the reasoning in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

Defendants counter that Reconstruct Company, the entity Plaintiffs complain about, is a separate entity from Defendant Reconstruct Company, N.A, which is a corporate entity chartered by the Comptroller of the Currency of the U.S. Treasury and not by any state. As a result, Defendants contend that section 171.252 of the tax code does not prevent Reconstruct Company, N.A. from defending itself in federal court regardless of whether it is in good standing with the Texas Comptroller. Defendants further respond that *Hertz* is inapplicable, because Reconstruct Company, N.A. is a national bank and thus a citizen of California pursuant to the Supreme Court's holding in

*Wachovia Bank, N.A. v. Schmidt*. Finally, Defendants maintain that any procedural deficiency in removing the action was timely cured before the expiration of thirty days and, in any event, Plaintiffs have not yet served Defendants. According to Defendants, only the affidavit of service of the temporary restraining order on Reconstruct Company, N.A. was not attached to the notice of removal, but the notice of removal has since been supplemented to cure this deficiency.

In their reply brief, Plaintiffs continue to contest the truthfulness of Defendants' removal allegations and contend that Defendants' allegations are conclusory. Plaintiffs acknowledge that the issue of Reconstruct Company, N.A.'s good standing in Texas is "moot" but contends that a merits issue remains regarding Reconstruct Company, N.A.'s ability to foreclose on properties as a national bank. Pls.' Reply 2, ¶ 4. Despite acknowledging that Reconstruct Company, N.A. is a national bank, Plaintiffs still contends that diversity is lacking under *Hertz*. According to Plaintiffs, although *Hertz* did not overrule *Wachovia*, it establishes that looking only to articles of incorporation or association to determine a corporation's main office is no longer enough, or even relevant, in determining diversity of citizenship. The court disagrees.

    1.   **Diversity Jurisdiction**

The court notes and Plaintiffs acknowledge that Reconstruct Company is not a party to this action. Plaintiffs' argument in this regard therefore has no bearing on the court's disposition of their motion to remand. Additionally, as correctly noted by Defendants, *Hertz* applies to determine the citizenship of corporations, not national banking associations. Plaintiffs' argument in this regard is therefore without merit, and the court determines that it has diversity jurisdiction as Plaintiffs are citizens of Texas, and national banking associations Wells Fargo and Reconstruct Company, N.A.

are citizens of North Dakota and California respectively. Additionally, the amount in controversy exceeds $75,000. Plaintiffs are therefore not entitled to remand on this ground.

### 2. Procedural Defects

#### a. Attachment of State Court Papers

Under 28 U.S.C. § 1446(a), a defendant or defendants wishing to remove a civil action from a state court must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." A defendant's failure to attach certain state court pleadings to its notice of removal does not affect the court's jurisdiction; any such missing documents can be later supplied to cure procedural defects existing at the time of removal. *See In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993); *Covington v. Indemnity Insur. Co.*, 251 F.2d 930, 933 (5th Cir. 1958). Wells Fargo timely supplemented its Notice of Removal to provide a copy of the affidavit of service for the temporary restraining order, and Plaintiffs do not specify whether there are any other deficiencies that remain uncured. The defect and issue are therefore moot. Furthermore, section 1441(b) states that a case removed on diversity may only be removed "if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). According to the record to date, neither Defendant has been served. Plaintiffs are therefore not entitled to remand on this ground.

#### b. Reconstruct Company, N.A.'s Standing to Consent and Defend

As previously noted, Plaintiffs acknowledge that this issue is moot. The court therefore need not address it. Moreover, the court notes that this argument is meritless given that Plaintiffs originally brought suit against Reconstruct Company, N.A. in state court and argue that remand with regard to both Defendants is proper.

### B.     Defendants' Rule 12(b)(6) Motion to Dismiss

Defendants contend that dismissal of this action under Rule 12(b)(6) is appropriate, because Plaintiffs have no private right of action to enforce HAMP. Because they have no viable cause of action under HAMP, Defendants argue that Plaintiffs' request for injunctive relief also fails. Plaintiffs do not address the various legal arguments or cases cited by Defendants but contend that Defendants' motion does not challenge their request for specific performance of the verbal and written agreements between the parties. Plaintiffs' Complaint does not refer to any alleged verbal agreements. The court thus considers only whether Plaintiffs' specific performance of the HAMP Agreement can survive dismissal under Rule 12(b)(6).

In Texas, "[s]pecific performance is an equitable remedy that may be awarded upon a showing of breach of contract." *Stafford v. Southern Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App.   Dallas 2007, pet. denied). In addition to the elements for breach of contract, the party seeking specific performance must also establish that there is no adequate remedy at law to compensate it for its loss. *South Plains Switching, Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 703 (Tex. App.   Amarillo 2008, pet. denied). In other words, the plaintiff must establish that it "cannot be fully compensated through the legal remedy of damages or [that] damages may not be accurately ascertained." *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 153 (5th Cir. 2004); *Stafford,* 231 S.W.3d at 535 ("Specific performance is . . . an equitable remedy used as a substitute for monetary damages when such damages would not be adequate."). Because specific performance is an equitable remedy and "not one of absolute right," the decision of whether to grant the remedy "rests in the sound discretion of the trial court." *American Apparel Prods., Inc. v. Brabs, Inc.*, 880 S.W.2d 267, 269 (Tex. App.   Houston [14th Dist.] 1994, no writ); *Paxton v. Spencer*, 503 S.W.2d 637, 642

(Tex. Civ. App.—Corpus Christi 1973, no writ). In deciding whether to order specific performance, courts consider a number of factors, including whether the essential elements of the contract are defined with "sufficient precision to enable the court to determine the parties' obligations." *See Guzman v. Acuna*, 653 S.W.2d 315, 318 (Tex. App.—San Antonio 1983, writ dism'd). If the terms of the contract are not sufficiently clear, courts will not order specific performance. *See Colson v. Thompson*, 15 U.S. 336, 342 (1817) ("The contract which is sought to be specifically executed ought not only to be proved, but the terms of it should be so precise as that neither party could reasonably misunderstand them. If the contract be vague or uncertain, or the evidence to establish it be insufficient, a court of equity will not exercise its extraordinary jurisdiction to enforce it, but will leave the party to his legal remedy."); *see also Johnson v. Snell*, 504 S.W.2d 397, 398 (Tex. 1974) ("Specific performance will be decreed only if the essential terms of the contract are expressed with reasonable certainty.").

There is no Fifth Circuit precedent on the issue; however, the vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent HAMP modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers. *See Pennington v. HSBC Bank USA, Nat'l Ass'n*, No. A-10-CA-785 LY, 2011 WL 6739609, at *5 (W.D. Tex. Dec. 22, 2011); *Bourdelais v. J.P. Morgan Chase*, No. 3:10-CV-670-HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (citing cases). Plaintiffs' contention that their specific performance claim is not a private cause of action under HAMP but instead based on breach of a contract is unavailing. Courts that have rejected similar arguments by plaintiffs claiming that their alleged breach of contract claim or claim to specifically enforce a TPP was wholly independent of HAMP

because the alleged offer to modify came about and was made wholly under the rubric of HAMP. *See id.* at *4 (discussing and citing cases). That Plaintiffs' claim is dependent on HAMP is readily apparent from their reference to HAMP twelve times in the eleven pages of their Complaint.

Moreover, even assuming that Plaintiffs have stated a valid claim for breach of contract with regard to the TPP or HAMP Agreement, their claim for specific performance still fails, because Plaintiffs do not allege that they cannot be compensated by monetary damages for their alleged loss. In addition, the terms of the TPP are not sufficiently specific to warrant specific performance, because it gives BOA broad discretion in regards to offering a permanent loan modification to Plaintiffs. Specifically, section 2(F) of the TPP states, among other things, that: "[i]f prior to the Modification Effective Date, (i) *the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement*; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct and correct, the Loan Documents will not be modified and this Plan will terminate." Doc. 1-2, ¶ 2(F) (emphasis added). Likewise, section 2(G) similarly states: "I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until . . . I receive a fully executed copy of a Modification Agreement, and . . . the Modification Effective Date has passed." *Id.* ¶ 2(G).

Because of this language and the discretion given to lenders under TPPs in deciding whether to provide borrowers with an executed Modification Agreement, courts have almost uniformly concluded that TPPs are not enforceable contracts based solely on a plaintiff's compliance with the terms of the TPP. *See, e.g., Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1352-57 (S.D. Fla. 2011) (discussing and citing cases); *Pennington*, 2011 WL 6739609, at *6; *Bourdelais*,

2011 WL 1306311, at *4-6 (same). Accordingly, even accepting as true Plaintiffs' allegations that they complied with the terms of the TPP by providing requested documentation and making certain payments, the court concludes that the TPP is not sufficiently specific to be enforceable by specific performance, because it gives BOA broad discretion to determine whether the Plaintiffs qualified for a permanent loan modification. As a result, some courts have referred to TPPs as mere agreements to agree. *See Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1359 (S.D. Fla. 2011). The court therefore concludes that Plaintiff have therefore failed to state a claim for specific performance upon which relief can be granted. In light of the court's determination that Defendants are entitled to dismissal of Plaintiffs' specific performance claim, their request for injunctive relief is moot.

### IV.     Amendment of Pleadings

Plaintiffs have not requested to amend their pleadings. In any event, the court determines that any attempt at amendment to state a claim will be futile, because the deficiencies cannot be cured, and will therefore not be permitted.

### V.     Conclusion

For the reasons herein stated, Defendants' removal of this action was proper, and Plaintiffs have failed to state a claim for specific performance upon which relief can be granted. Accordingly, the court **denies** Plaintiffs' Motion to Remand, **grants** Defendants' Rule 12(b)(6) Motion to Dismiss, and **dismisses** this action **with prejudice.** The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 12th day of April, 2012.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 14**