IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOMMY R. GESKE, JR.**, **AND MELISSA L. GESKE,**<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Certificateholders of Park Place Securitie**s, **Inc. Asset-Backed Pass-Through Certificates Series 2005-WCW3, Through its Mortgage Servicer, Bank of America, N.A.**,<br><br>**and**<br><br>**RECONTRUST COMPANY, N.A., as Substitute Trustee**,<br><br>Defendants. | § | Civil Action No. **3:11-CV-3337-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion for New Trial, filed May 10, 2012. After carefully reviewing the motion, briefing, record, and applicable law, the court **denies** Plaintiffs' Motion for New Trial.

## I. Introduction

By memorandum opinion and order dated April 12, 2012, the court denied Plaintiffs' Motion to Remand, granted Defendants' Rule 12(b)(6) Motion to Dismiss, and dismissed this action with prejudice. Plaintiffs Tommy R. Geske ("Geske") and Melissa L. Geske (collectively, the "Geskes") brought this lawsuit against Defendants Wells Fargo Bank, Nation Association ("Wells Fargo") and

ReconTrust Company, N.A.[1] (collectively, "Defendants") for failure to modify their homestead mortgage under the Home Affordable Modification Program ("HAMP"). The Geskes sought specific performance of the HAMP Agreement, reinstatement of their homestead loan, and a permanent injunction to prevent Defendants from foreclosing on their real property located in Waxahachie, Texas. The action was originally filed on October 31, 2011, in the 40th Judicial District Court of Ellis County, Texas. On December 2, 2011, before Plaintiff effected service, Defendant Wells Fargo, National Association ("Wells Fargo") removed the action to federal court based on diversity jurisdiction.

Plaintiffs entered a purchase money mortgage ("Loan") in 2001. The Loan was subsequently assigned to Wells Fargo and administered by mortgage servicer Bank of America, N.A. ("BOA"). After suffering a loss in income because of the downturn in the economy, Geske approached BOA about a permanent home mortgage loan modification under HAMP, which was enacted in 2009 to reduce foreclosures. In the first step of the HAMP process, Geske signed a Trial Period Plan ("TPP")[2] in which he agreed, among other things, to make three monthly payments of $3,255 by the first of September, October, and November 2009, and to provide documents regarding the Geskes's finances. Under the TPP, BOA would suspend any pending foreclosure sale pending the Geskes satisfying certain conditions during the TPP "Trial Period" and BOA's tender of an executed Modification Agreement (the second part of the process) prior to the TPP's expiration ("Modification Effective") date. The Geskes contended that they made the scheduled payments

[1] In reviewing the parties' submissions, the court realized that it inadvertently misspelled Defendant ReconTrust Company, N.A's name in the court's April 12, 2012 memorandum opinion and order and judgment as "Reconstruct Company, N.A." The court apologizes for the error.

[2] The TPP was not signed by Melissa L. Geske and lists only Tommy R. Geske as the borrower, even though Plaintiffs' pleadings suggested that both of the Geskes own the real property at issue.

pursuant to the TPP under HAMP, but BOA nevertheless notified them in July 2011 of its intent to commence foreclosure on November 2, 2011.

## II. Legal Standard for Relief under Fed. R. Civ. P. 59(e)

Plaintiffs filed a motion for new trial, which is governed by Fed. R. Civ. P. 59(a); however, there was no trial in this matter. Plaintiffs' claims against the Defendants were adjudicated under Rule 12(b)(6). Plaintiffs' Motion for New Trial is therefore more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III. Analysis**

Plaintiffs request that the court vacate its prior order and judgment and remand the case to the 40th Judicial District Court of Ellis County, Texas. Plaintiffs contend that the court misunderstood their grounds for remand and that as finally presented to the court, their basis for seeking a remand was for lack of complete diversity of citizenship. Plaintiffs argue that diversity is lacking, because Defendant ReconTrust Company, N.A.'s web site shows that its home office and corporate headquarters is in Richardson, Texas. For support, they again rely on *Hertz Corporation v. Friend*, 130 S. Ct. 1181 (2010). This argument by Plaintiffs is virtually identical to that already considered and rejected by the court.

As previously explained by the court, *Hertz* is inapplicable because it does not deal with national banking associations or their citizenship and instead addresses only the test for determining a corporation's principal place of business. As noted in the court's prior order, a national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). The July 1, 2010 Amended Articles of Association for Recontrust Company, N.A. unequivocally establish that it is a national banking association whose main office is in California. Accordingly, for diversity

purposes, Recontrust Company, N.A. is a citizen of California, not Texas, and Plaintiffs' arguments to the contrary are without merit.[3]

## IV. Conclusion

In applying the applicable standard for a motion to amend or alter the judgment, the court determines that Plaintiffs have failed to establish a manifest error of law or fact, and failed to present any newly discovered evidence. Further, they have not shown that there has been an intervening change in the controlling law. Accordingly, there is no basis for the court to modify its earlier ruling. The court therefore **denies** Plaintiffs' Motion for New Trial.

**It is so ordered** this 15th day of June, 2012.

Sam A. Lindsay
United States District Judge

---

[3] Even assuming that Plaintiffs are correct as to the applicability of *Hertz*, the court concludes that the web site relied on does not support their position that ReconTrust Company, N.A.'s principal place of business is in Texas. The web page referenced indicates only that ReconTrust's corporate headquarters *for default and special release services* is in Richardson, Texas. Additionally, the bottom of the same page contains a disclaimer that business information on the web site may not be the most current information available. For the most current information, the web site states that inquiries should be mailed to an address in Simi Valley, California. Moreover, another page on the same web site states that ReconTrust is headquartered in Simi Valley, California. Accordingly, when viewed in context, the information relied on by Plaintiffs does not support a finding that ReconTrust Company, N.A.'s principal place of business is in Texas. At most, it shows only that ReconTrust maintains or maintained at one time an office or address in Texas for providing default and special release services.